UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------X
Sean P. Fuller,

             Plaintiff,          Civil Action No.: 1:13-CV-456 [GLS/CFH]

     v.

Dynamic Recovery Solutions, LLC.     **COMPLAINT AND DEMAND FOR TRIAL BY JURY**

             Defendant.
--------------------------------------------------X

Plaintiff Sean Fuller (hereinafter referred to as, "Plaintiff"), by and through his attorneys, Fredrick Schulman & Associates, Attorneys at Law, as and for his Complaint against Defendant Dynamic Recovery Solutions, LLC (hereinafter referred to as, "Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION

1. Plaintiff brings this action seeking damages and declaratory relief arising from the Defendant's violations of 15 U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA").

## PARTIES

2. Plaintiff is a natural person and a resident of the State of Texas, County of Guadalupe. Plaintiff maintains his residence at 135 Elm Leaf Lane, Schertz, Texas 78154.

3. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

4. Upon information and belief, Defendant is a foreign limited liability company created under the laws of the State of South Carolina with its registered agent, the New York Secretary of State, located in the County of Albany, at the New York Department of State, One Commerce Plaza, 99 Washington Ave., Albany, New York 12231.

5.      Upon further information and belief, Defendant is engaged in the business of collecting incurred and allegedly incurred debts.

6.      Upon further information and belief, Defendant maintains its principal place of business at 135 Intersate Blvd., Suite 6, Greenville, South Carolina, 29615.

7.      Upon information and belief and at all relevant times herein, Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

8.       Indeed, upon information and belief, on a website maintained by Defendant at the URL address of www.gotodrs.com/ , Defendant informs visitors to the site that, "Dynamic Recovery Solutions is a sophisticated, full service debt collection agency". Thus, Defendant holds itself out as an entity engaged in the business of being a "debt collector" and is subject to the FDCPA.

9.      Upon information and belief, Defendant was attempting to collect an alleged debt (hereinafter referred to as " Alleged Debt") from Plaintiff that arose out of a transaction in which money, services, or property, which was the subject of the transaction was primarily used for family, personal, and/or household purposes.

10.     As such, the Alleged Debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5) of the FDCPA.

11.     Upon further information and belief, and at all relevant times herein, Defendant knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect the Alleged Debt.

12.     Beginning on or about April 2, 2013, Defendant engaged in various "communications" with Plaintiff as that term is defined in 15 U.S.C. §1692a(2).

## JURISDICTION AND VENUE

13.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 e*t seq*. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. §1367(a).

14.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1).

15.     Declaratory relief is available pursuant to 28 U.S.C. §2201and §2202.

## FACTUAL ALLEGATIONS

16.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "15" herein with the same force and effect as if the same were set forth at length herein.

17.     Upon information and belief, on or around April 2, 2013, Defendant commenced collection activities against Plaintiff to recover the Alleged Debt.

18.     On or around April 2, 2013, Defendant called a number belonging to Michelle Zamora, now Plaintiff's fiancé, in an effort to reach Plaintiff.

19.     Defendant engaged Ms. Zamora in conversation and informed her that Defendant was looking for Sean Fuller, Plaintiff in the within action.

20.     Defendant then proceeded to disclose that the purpose of the communication was to collect an Alleged Debt from Plaintiff resulting from the purchase of a Yamaha motorcycle.

21.     Defendant told Ms. Zamora that the account was not closed, in fact, it was in collections, and that Defendant was attempting to collect the Alleged Debt.

22.     Defendant then pointed out to Ms. Zamora that Defendant was looking at Plaintiff's credit report and could see that Plaintiff did not have many outstanding debts.

23.     Defendant advised Ms. Zamora that Plaintiff would want to resolve this matter.

24.     Ms. Zamora asked Defendant for validation of the debt to be sent to Plaintiff.

25.     Defendant proceeded to disclose that the Alleged Debt was for $4,913.30 and offered $1,400 as a settlement.

26.     Ms. Zamora asked Defendant to send Plaintiff a settlement offer and validation in writing so that Plaintiff would have the opportunity to see it for himself.

27.     Defendant told Ms. Zamora that more than one hundred letters were sent to Plaintiff over the course of the past year and that Defendant would not be sending another letter.

28.     Ms. Zamora explained that without the validation letter nothing could be done on the account.

29.     Defendant told Ms. Zamora that if Plaintiff was refusing to pay, Defendant would have the IRS garnish Plaintiff's wages for back taxes on the Alleged Debt.

30.     Ms. Zamora informed Defendant that Plaintiff was not refusing to pay, but rather she did not have the authority to accept or reject a settlement on Plaintiff's behalf.

31.     Defendant ended the communication abruptly.

32.     Since the date of the initial communication, on or around April 2, 2013, Plaintiff has still not received any written communication from Defendant.

33.     Plaintiff still does not know nor has Plaintiff received information from Defendant as to the specifics of the Alleged Debt, including who the original creditor is or the amount.

34.     As a result of Defendant's violation of the FDCPA, Plaintiff is entitled to damages, cost and reasonable attorneys' fees.

## FIRST CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692b(2)

35. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "34" herein with the same force and effect as if the same were set forth at length herein.

36. Defendant violated 15 U.S.C. §1692b(2) in that Defendant told Ms. Zamora, a third party, that the Plaintiff owed an Alleged Debt.

37. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SECOND CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692c(b)

38. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "37" herein with the same force and effect as if the same were set forth at length herein.

39. Defendant violated 15 U.S.C. §1692c(b) in that Defendant communicated with a person other than the consumer when Defendant communicated with Ms. Zamora regarding the Alleged Debt.

40. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## THIRD CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692e(4)

41. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "40" herein with the same force and effect as if the same were set forth at length herein.

42. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated 15 U.S.C. §1692e(4), in that Defendant stated that non-payment of the Alleged Debt will result in the garnishment of Plaintiff's wages/ arrest or imprisonment.

43. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## FOURTH CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692e(7)

44. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "43" herein with the same force and effect as if the same were set forth at length herein.

45. Defendant's conduct violated 15 U.S.C. §1692e(7) in that Defendant told Plaintiff that Plaintiff had committed a crime by not paying the Alleged Debt.

46. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FIFTH CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692e(10)

47. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "46" herein with the same force and effect as if the same were set forth at length herein.

48.     Defendant violated 15 U.S.C. §1692e(10) in that Defendant used false representation and deceptive means in attempt to collect the alleged debt when it misrepresented the consequences of non-payment of the Alleged Debt.

49.     As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## SIXTH CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692g

50.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "49" herein with the same force and effect as if the same were set forth at length herein.

51.     Defendant violated 15 U.S.C. §1692g in that Defendant failed to send the Plaintiff a 30-day validation notice within five days of the initial communication.

52.     As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## DEMAND FOR TRIAL BY JURY

53.     Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Sean Fuller, demands judgment from Defendant Dynamic Recovery Solutions, LLC as follows:

  A.  For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

  B.  For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

C.  For a declaration that the Defendants' practices violated the FDCPA; and,

D.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
April 24, 2013

Respectfully submitted,

By: *s/ Jacob J. Scheiner*
Jacob J. Scheiner, Esq. (517972)
Fredrick Schulman & Associates
Attorney for Plaintiff
30 East 29TH Street
New York, New York 10016
(212) 796-6053
jscheiner@fschulmanlaw.com